UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALLEN CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02875-TWP-DLP |
| | ) | |
| BRANCHVILLE CORRECTION FACILITY, | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONAL, | ) | |
| M. PARROTT Officer, | ) | |
| T. SMITH Officer, | ) | |
| E. GAYNOR Officer, | ) | |
| C.T. WISE Officer, | ) | |
| WARD Officer, | ) | |
| ALVEY Warden, Ms., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing
Plaintiff to Show Cause**

### I. Screening

Plaintiff Allen Crawford is a prisoner currently incarcerated at the Plainfield Correctional Facility. He brings this civil rights action under 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

*Allegations*

The complaint names the following defendants: 1) Branchville Correctional Facility ("Branchville"); 2) Officer M. Parrott; 3) Officer T. Smith; 4) Officer E. Gaynor; 5) Officer C.T. Wise; 6) Officer Ward; and 7) Warden Alvey. Mr. Crawford seeks compensatory damages and injunctive relief.

When Mr. Crawford was first assigned to his cell at Branchville, he reported to Officers Parrott and Smith that the toilet was broken. These officers failed to report the need for repair. Mr. Crawford alleges that later, Officer Ward falsely accused him of breaking the toilet in his cell. Mr. Crawford was charged with a conduct violation and sanctioned with the loss of earned credit time (suspended) and restitution in the amount of $109.16.

*Discussion*

Any claim against Branchville is **dismissed for failure to state a claim upon which relief can be granted** because Branchville is a building, not a suable entity.

There are no allegations of wrongdoing alleged against Officers Gaynor and Wise. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation

omitted) (citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

The claim against Warden Alvey is that she failed to properly train the officers to investigate matters like this. There are insufficient facts to state a claim of failure to train on the part of Warden Alvey. The claim against her is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Crawford's allegations against Officers Parrott and Smith are that they were negligent in failing to report his complaints about the broken toilet. This is not sufficient to state a constitutional claim. *Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983). Because all federal § 1983 claims upon which federal jurisdiction was predicated are being dismissed, Mr. Crawford's supplemental **state law claims shall be dismissed without prejudice**. *See* 28 U.S.C. § 1367(c)(3).

Mr. Crawford's claim against Officer Ward is construed as a due process claim. Unfortunately for Mr. Crawford, however, he does not have a constitutional right to avoid false disciplinary charges. *Lagerstrom v. Kingston,* 463 F.3d 621, 624-25 (7th Cir. 2006) (due process rights are not violated if a false conduct report is filed). Any impropriety with the conduct report and the investigation thereof would be properly addressed during the disciplinary proceedings where the mandates of *Wolff v. McDonnell,* 418 U.S. 539 (1974), control and the result of which might be challenged in a habeas proceeding, not a civil rights action. "[E]ven assuming fraudulent

conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride,* 188 F.3d 794, 787 (7th Cir. 1999). "The hearing provided by CAB, and the decision issued by it, accorded to [the plaintiff] all of the process that was due under the Constitution…" *Id.* The claim against Officer Ward is **dismissed for failure to state a claim upon which relief can be granted.**

Accordingly, the complaint must be **dismissed for failure to state a claim upon which relief can be granted.** *See* 28 U.S.C. § 1915A(b).

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here.

## II. Report Change of Address

The *pro se* plaintiff shall report any change of address within seven (7) days of any change. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## III. Show Cause

The plaintiff's complaint must be dismissed for the reasons set forth above. The plaintiff shall have **through December 28, 2018,** in which to either show cause why Judgment consistent with this Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Crawford fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted without further notice.

**IT IS SO ORDERED.**

Date: 11/27/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALLEN CRAWFORD
254160
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168